COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200
Clarence J. Erickson
J. Christopher Jensen (Admitted Pro Hac Vice)
*Attorneys for Plaintiff MY Imports USA LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------- x
MY IMPORTS USA LLC,

        Plaintiff,        Case No.:  2:19-cv-14162-CCC-JBC

     -against-

TSM BRANDS, LLC, ENDEKS KIMYA A.S, ERIK   **ANSWER TO COUNTERCLAIMS**
NORRIS, and SERKAN MUTLU,

        Defendants/Counter
        Plaintiffs.

     -against-

MANSUR MAQSUDI, ABRAHIM BRAHIMI, and
FAHIM IBRAHIMI

        Third-Party Defendants.
----------------------------------------------------------------- x

     Plaintiff and Counterclaim Defendant MY Imports USA, LLC ("MY Imports") and

Additional Counterclaim Defendants Mansur Maqsudi, Abrahim Ibrahimi, and Fahim Ibrahimi

improperly named herein as Third-Party Defendants (collectively "Counterclaim Defendants"),

by and through their undersigned attorneys, hereby answer the counterclaims set forth in

Defendants TSM Brands LLC and Serkan Mutlu's (collectively "Counterclaim Plaintiffs")

Answer, Affirmative Defenses and Counterclaim dated September 10, 2019 ("the

Counterclaims") as follows:

1

1. Counterclaim Defendants admit the allegations in paragraph 1 of the Counterclaims.

2. Counterclaim Defendants admit the allegations in paragraph 2 of the Counterclaims.

3. Counterclaim Defendants admit the allegations in paragraph 3 of the Counterclaims.

4. Counterclaim Defendants admit the allegations in paragraph 4 of the Counterclaims.

5. Counterclaim Defendants admit the allegations in paragraph 5 of the Counterclaims.

6. Counterclaim Defendants admit the allegations in paragraph 6 of the Counterclaims.

7. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Counterclaims.

8. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Counterclaims.

9. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Counterclaims.

10. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Counterclaims.

11. Counterclaim Defendants admit the allegations in paragraph 11 of the Counterclaims.

12. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaims.

13. Counterclaim Defendants admit the allegations in paragraph 13 of the Counterclaims.

14. Counterclaim Defendants deny the allegations contained in paragraph 14 of the Counterclaims.

15. Counterclaim Defendants deny the allegations contained in paragraph 15 of the Counterclaims; except admit that TSM delivered products to MY Imports that had been purchased by MY Imports.

16. Counterclaim Defendants deny the allegations contained in paragraph 16 of the Counterclaims.

17. Counterclaim Defendants deny the allegations contained in paragraph 17 of the Counterclaims.

18. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Counterclaims.

19. Counterclaim Defendants deny the allegations contained in paragraph 19 of the Counterclaims.

20. Counterclaim Defendants deny the allegations contained in paragraph 20 of the Counterclaims.

21. Counterclaim Defendants deny the allegations contained in paragraph 21 of the Counterclaims.

22. Counterclaim Defendants deny the allegations contained in paragraph 22 of the Counterclaims.

23. Counterclaim Defendants deny the allegations contained in paragraph 23 of the Counterclaims.

24. Counterclaim Defendants deny the allegations contained in paragraph 24 of the Counterclaims except admit that TSM delivered the container of products referenced in Exhibit F to the Complaint late.

25. Counterclaim Defendants deny the allegations contained in paragraph 25 of the Counterclaims except admit that TSM delivered the container of products referenced in Exhibit G to the Complaint late.

26. Counterclaim Defendants deny the allegations contained in paragraph 26 of the Counterclaims except admit that TSM delivered the container of products referenced in Exhibit H to the Complaint late.

27. Counterclaim Defendants deny the allegations contained in paragraph 27 of the Counterclaims.

28. Counterclaim Defendants deny the allegations contained in paragraph 28 of the Counterclaims.

29. Counterclaim Defendants deny the allegations in paragraph 29 of the Counterclaims.

30. Counterclaim Defendants deny the allegations contained in paragraph 30 of the Counterclaims.

## COUNT I

## BREACH OF CONTRACT

31. Counterclaim Defendants repeat and reallege their responses to paragraphs 1 to 30 of the Counterclaims as if fully set forth herein.

32. Counterclaim Defendants admit the allegations in paragraph 32; except deny that MY Imports agreed to purchase the personal care and household products as alleged in paragraph 1 to 30 herein.

33. Counterclaim Defendants admit the allegations in paragraph 33; except deny that MY Imports agreed to purchase the personal care and household products as alleged in paragraph 1 to 30 herein.

34. Counterclaim Defendants deny the allegations contained in paragraph 34 of the Counterclaims.

35. Counterclaim Defendants deny the allegations contained in paragraph 35 of the Counterclaims.

36. Counterclaim Defendants deny the allegations contained in paragraph 36 of the Counterclaims.

## COUNT II

## ACCOUNT STATED

37. Counterclaim Defendants deny the allegations contained in paragraph 37 of the Counterclaims.

38. Counterclaim Defendants deny the allegations contained in paragraph 38 of the Counterclaims.

39. Counterclaim Defendants deny the allegations contained in paragraph 39 of the Counterclaims.

40. Counterclaim Defendants deny the allegations contained in paragraph 40 of the Counterclaims.

41. Counterclaim Defendants deny the allegations contained in paragraph 41 of the Counterclaims.

42. Counterclaim Defendants deny the allegations contained in paragraph 42 of the Counterclaims.

43. Counterclaim Defendants deny the allegations contained in paragraph 43 of the Counterclaims except admit that TSM delivered the container of products referenced in Exhibit F to the Complaint late.

44. Counterclaim Defendants deny the allegations contained in paragraph 44 of the Counterclaims except admit that TSM delivered the container of products referenced in Exhibit G to the Complaint late.

45. Counterclaim Defendants deny the allegations contained in paragraph 45 of the Counterclaims except admit that TSM delivered the container of products referenced in Exhibit H to the Complaint late.

46. Counterclaim Defendants deny the allegations contained in paragraph 46 of the Counterclaims.

47. Counterclaim Defendants deny the allegations contained in paragraph 47 of the Counterclaims.

48. Counterclaim Defendants deny the allegations contained in paragraph 48 of the Counterclaims.

49. Counterclaim Defendants deny the allegations contained in paragraph 49 of the Counterclaims.

## COUNT III

### UNJUST ENRICHMENT

50. Counterclaim Defendants repeat and reallege their responses to paragraphs 1 to 49 of the Counterclaims as if fully set forth herein.

51. Counterclaim Defendants deny the allegations contained in paragraph 51 of the Counterclaims.

52. Counterclaim Defendants deny the allegations contained in paragraph 52 of the Counterclaims; except admits that TSM is cited as the agent for Defendant Endeks Kimya A.S., who manufactured products for MY Imports.

53. Counterclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Counterclaims.

54. Counterclaim Defendants deny the allegations contained in paragraph 54 of the Counterclaims.

## COUNT IV

### GOOD FAITH AND FAIR DEALING

55. Counterclaim Defendants repeat and reallege their responses to paragraphs 1 to 54 of the Counterclaims as if fully set forth herein.

56. Counterclaim Defendants deny the allegations contained in paragraph 56 of the Counterclaims.

57. Counterclaim Defendants deny the allegations contained in paragraph 57 of the Counterclaims.

## COUNT V

## CONVERSION

58. Counterclaim Defendants repeat and reallege their responses to paragraphs 1 to 57 of the Counterclaims as if fully set forth herein.

59. Counterclaim Defendants deny the allegations contained in paragraph 59 of the Counterclaims.

60. Counterclaim Defendants deny the allegations contained in paragraph 60 of the Counterclaims.

61. Counterclaim Defendants deny the allegations contained in paragraph 61 of the Counterclaims.

62. Counterclaim Defendants deny the allegations contained in paragraph 62 of the Counterclaims.

## COUNT VI

## VIOLATION OF THE UNIFORM COMMERCIAL CODE

63. Counterclaim Defendants repeat and reallege their responses to paragraphs 1 to 62 of the Counterclaims as if fully set forth herein.

64. Counterclaim Defendants deny the allegations contained in paragraph 64 of the Counterclaims.

65. Counterclaim Defendants deny the allegations contained in paragraph 65 of the Counterclaims.

66. Counterclaim Defendants deny the allegations contained in paragraph 66 of the Counterclaims.

67. Counterclaim Defendants deny the allegations contained in paragraph 67 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

68. The Counterclaims for unjust enrichment (Count III), good faith and fair dealing (Count IV), and conversion (Count V) fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

69. The Counterclaim for breach of contract (Count I) is barred in whole, or in part, by the statute of frauds.

## THIRD AFFIRMATIVE DEFENSE

70. The Counterclaims for breach of contract and account stated are barred in whole, or in part, by Counterclaim Plaintiffs' failure to deliver the goods.

## FOURTH AFFIRMATIVE DEFENSE

71. The Counterclaims are barred by Counterclaim Plaintiffs' fraud and fraudulent inducement.

## FIFTH AFFIRMATIVE DEFENSE

72. All of the Counterclaims are barred by a failure of consideration.

## SIXTH AFFIRMATIVE DEFENSE

73. Plaintiff and Counterclaim Defendant MY Imports is entitled to set off against all of the Counterclaims any damages or amounts found to be due to Plaintiff and Counterclaim Defendant MY Imports upon the claims asserted in the Complaint in this action.

## SEVENTH AFFIRMATIVE DEFENSE

74. The goods delivered to Plaintiff and Counterclaim Defendant MY Imports pursuant to the invoices attached as Exhibit F, G and H to the Complaint were delivered late.

## EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiff and Counterclaim Defendant MY Imports is entitled to set off recoupment against all of the Counterclaims amounts due to Plaintiff and Counterclaim Defendant MY Imports for prior deliveries of damaged goods and prior late deliveries of products.

## NINTH AFFIRMATIVE DEFENSE

76. Additional Counterclaim Defendants Mansur Maqsudi, Abrahim Ibrahimi and Fahim Ibrahimi are not personally liable for any damages, debts or obligations of Plaintiff and Counterclaim Defendant MY Imports LLC under the Revised Uniform Limited Liability Company Act of the State of New Jersey. New Jersey Stat. 42 § 2C, *et. seq*.

Dated: October 1, 2019
       New York, New York

                              COWAN, LIEBOWITZ & LATMAN, P.C.

                              By: /s/ J. Christopher Jensen
                                  J. Christopher Jensen (Admitted Pro Hac Vice)
                                  114 West 47th Street
                                  New York, New York 10036-1525
                                  (212) 790-9200

## CERTIFICATE OF SERVICE

J. Christopher Jensen, Esq. hereby certifies that a true and correct copy of the foregoing Answer to Defendants and Counterclaim Plaintiffs TSM Brands LLC and Serkan Mutlu's Counterclaims was filed on October 1, 2019 with the Clerk of the Court electronically and with all counsel of record:

Jae H. Cho, Esq.
Cho Legal Group, LLC
100 Plainfield Ave., Ste. 8E
Edison, NJ 08817
jae@cholegal.com


Dated: October 1, 2019
         New York, New York

                          COWAN, LIEBOWITZ & LATMAN, P.C.


                          By:  /s/ J. Christopher Jensen
                              J. Christopher Jensen (Admitted Pro Hac Vice)
                              114 West 47th Street
                              New York, New York 10036-1525
                              (212) 790-9200